**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DAREEM WALKER,

                              Plaintiff,

      v.                                           No. 06-CV-25
                                                      (DNH/DRH)

M. SCHAAP, Corrections Officer; STEVENS,
Correctional Officer; B. SULLIVAN,
Corrections Officer; P. MURRAY, Corrections
Officer; and HOFAKER, Corrections Sergeant,

                              Defendants.

---

**APPEARANCES:**                    **OF COUNSEL:**

DAREEM WALKER
Plaintiff Pro Se
02-A-0168
Clinton Correctional Facility
Post Office Box 2001
Dannemora, New York 12929

HON. ANDREW M. CUOMO          CHRISTINA L. ROBERTS-RYBA, ESQ.
Attorney General for the              Assistant Attorney General
  State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER[1]**

    Plaintiff pro se Dareem Walker ("Walker"), formerly an inmate in the custody of the

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

1

New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, four DOCS employees, violated his constitutional rights under the Eighth Amendment.  Compl. (Docket No. 1) at 2.  Presently pending is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 41(b).  Docket No. 18.  Walker has not responded to the motion.  For the following reasons, it is recommended that defendants' motion to dismiss be granted and the complaint dismissed.

### I.  Background

Plaintiff filed this action on January 6, 2006. Compl. at 1.  In his complaint, Walker alleges that on March 1, 2003 at the Coxsackie Correctional Facility, Corrections Officers Schaap, Stevens, Sullivan, and Murray used unjustified force while he was in his cell.  Id. at 2.  Walker alleged that Sgt. Hofaker stood by and took no action.  Id.

On January 18, 2006, the Clerk of the Court wrote Walker to inform him that he needed to obtain USM 285 forms for the defendants and to advise him that five copies of his complaint were required to effect service.  Docket No. 5.  That was the last known correspondence that the plaintiff received.  On February 9, 2007, defendants were granted an extension of time to file a response to the complaint.  Docket No. 13.  On or about February 9, 2007, the order reflecting the extension, was mailed to Walker's last known address.  Docket 13.  On February 20, 2007, such Order was returned to the Court as undeliverable, marked "Not Here."  Docket No. 14.  Since that time, all other correspondence that has been sent to Walker from the Clerk's office relating to this action has been similarly returned to the Court as undeliverable.

2

## II.  Discussion

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may dismiss an action based upon the failure of a plaintiff to prosecute an action, comply with an order of the court, or notify the court of a change of address.  See Link v. Wabash R.R. o., 370 U.S. 626, 629 (1962); MTV Networks v. Lane, 998 F. Supp. 390, 393 (S.D.N.Y. 1998); see also N.D.N.Y.L.R. 41.2 (b).  Additionally, Local Rule 10.1(b)(2) provides that all pro se litigants must immediately notify the Court of any change of address.  To ensure the orderly disposition of cases, this notification is essential because

> [i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing.

Dansby v. Albany County Corr. Facility Staff, No. 95-CV-1525 (RSP/RWS), 1996 WL 172699 at * 1 (N.D.N.Y. Apr. 10, 1996).  "Failure to notify the Court of a change of address in accordance with [Local Rule 10.1 (b)(2)] may result in the dismissal of any pending action."  Warren v. Artus, No. 05-CV-1032 (LEK/DEP), 2007 WL 1017112 at *2 (N.D.N.Y. March 30, 2007) (quoting N.D.N.Y.L.R. 41.2 (b)).

In this case, Walker was notified that he was required promptly to notify the Clerk's Office of any change in his address and that his failure to keep such office apprised of his current address would result in the dismissal of the instant action.  Docket No. 4 at 3.  That order was issued on January 17, 2006.  Id.  Since Walker was not released from custody until April 4, 2006, he received this notice at Clinton Correctional Facility.  Docket No. 18,

3

Ex. 5 at 1.  Thus, it was Walker's responsibility to notify the Court of his release and present address.  Because Walker failed to provide the Court with such information, this matter cannot proceed.

Therefore, the motion, on this ground should be granted.


### III.  Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that defendants' motion to dismiss the complaint (Docket No. 18) be **GRANTED** as to all claims and all defendants.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Secretary of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72, 6(a), 6(e).


Dated: December 4, 2007
Albany, New York

_David R. Homer_
United States Magistrate Judge